IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DONTE HOUSTON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 9:22-CV-71 |
| | § | |
| JUDGE PAM FLETCHER, *et al.*, | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Donte Houston, a pre-trial detainee at the Houston County Jail, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants State District Court Judge Pam Fletcher and Houston County Sheriff Randy Hargrove.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Plaintiff filed his Original Complaint on April 28, 2022 (Doc. # 1). Plaintiff alleges the following:

> I Donte Houston hereby file a wrongful incarceration suit against Judge Pam Fletcher and Sheriff Randy Hargrove. The Judge Pam Fletcher has illegally detained the complainant on "forfeiture of bond" Case # 21 CR-043 on falsified conditions since July 12, 2021 and has passed the 90 day of hold time. The complainant also files wrongful incarceration against Sheriff Hargrove who refuses to properly administrative [sic] the law surround his case which due to the circumstances he has a right of release. He was also never supposed to be indicted.

Original Complaint, Statement of Claim, pg. 4 (Doc. # 1). Plaintiff sues for punitive and compensatory damages.[1]

---

[1] It's unclear the amount of damages Plaintiff seeks. Plaintiff states "[p]unitive and compensatory damages of (80,000 per) $130,000 in damages for time." *Id*.

<u>Standard</u>

28 U.S.C. § 1915A states the following:

(a) Screening.-- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal.-- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculation level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. 127 S.Ct. at 1974. Plaintiffs must state enough facts to "nudge[ ] their claims across the line from conceivable to plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably

to the plaintiff. *Fernandez-Montes v. Allied Pilots Assoc.,* 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

## Discussion & Analysis

*Judicial Immunity*

"[T]he essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985). Thus, the court has described immunity as a threshold question to be resolved early in the proceedings as possible. *See Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991).

The Supreme Court has held that judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities. *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). In the present case, Plaintiff complains vaguely of State District Judge Fletcher in her judicial capacity. As such, she is absolutely immune from any claim for damages liability which Plaintiff may raise. Plaintiff's claims against Defendant Fletcher should be dismissed for failure to state a claim and as frivolous.

*Sheriff Hargrove*

Plaintiff concedes he has been indicted. Because Plaintiff has been indicted, probable cause existed to support his detention. *See Harvey v. Bexar County Sheriff's Dept.*, 753 F. App'x 305, 307 (5th Cir. 2018) (not designated for publication) (citing *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982)). Plaintiff's belief that he is entitled to compensation for his alleged wrongful detention under Texas state law does not allege a violation of a right secured by the United States Constitution as required under 42 U.S.C. § 1983. *Id*. (citing *Southwestern Bell Tel. LP v. City of Houston*, 529 F.3d 257, 250 (5th Cir. 2008)). Plaintiff's claims against Defendant Hargrove should also be dismissed for failure to state a claim and as frivolous.

## Recommendation

This civil rights action filed pursuant to 42 U.S.C. § 1983 should be dismissed for failure to state a claim and as frivolous.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 2nd day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE